# TABLE OF CONTENTS


| | Page(s) |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | iv |
| PRELIMINARY STATEMENT | 2 |
| STATEMENT OF FACTS | 5 |
| LEGAL ARGUMENT | 5 |
| Brief Overview of the Statutes, Rules and Regulations Applicable to Present Motion | 5 |
| Statutes-Sarbanes-Oxley Act and Dodd-Frank Act-Protection for Whistle-blowers | 7 |
| SEC Rule 21-F- Protection for Whistleblowers | 11 |
| Rule-FINRA-Rule 13201 (amended May 21, 2012)-Pre-Dispute Arbitration Agreements | 11 |
| Regulatory Notice - SEC Regulatory Notice 12-21 (May 21, 2012) - Pre-Dispute Agreements | 12 |
| Dodd-Frank Act - Pre-Dispute Arbitration Agreements | 12 |
| POINT ONE: DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD BE DENIED. PLAINTIFF'S AMENDED COMPLAINT PUTS THE DEFENDANTS ON SUFFICIENT NOTICE OF HIS CLAIM TO BE A WHISTLE-BLOWER UNDER FEDERAL LAW. MOREOVER, DEFENDANTS HAVE NOT OFFERED ANY PROOF TO SUPPORT THEIR CONTENTION THAT A WHISTLEBLOWER WOULD SOMEHOW LOSE HIS STATUS AS A WHISTLEBLOWER IF HIS EMPLOYER TOOK PREEMPTIVE, RETALIATORY ACTION AGAINST HIM. SUCH AN UNSUPPORTED READING OF THE STATUTE WAS CLEARLY NOT THE INTENT OF CONGRESS WHEN IT EXPANDED WHISTLE-BLOWER PROTECTIONS IN DODD-FRANK | 13 |

| | | |
|---|---|---|
| POINT TWO: | PLAINTIFF MEETS THE STATUTORY REQUIREMENTS OF A WHISTLEBLOWER, AS DEFINED BY THE DODD-FRANK ACT. THUS, HE IS ELIGIBLE TO RECEIVE THE PROTECTION OF THE ANTI-RETALIATORY PROVISIONS OF THAT STATUTE. DEFENDANTS' CONTENTION THAT THE PLAINTIFF IS NOT A WHISTLEBLOWER, AND THAT THEREFORE, HIS COMPLAINT MUST BE DISMISSED, SHOULD BE REJECTED BY THIS COURT...................... | 15 |
| POINT THREE: | DEFENDANTS' CONTENTION THAT PLAINTIFF IS NOT A WHISTLEBLOWER BECAUSE HE DID NOT REPORT TO THE SECURITIES AND EXCHANGE COMMISSION UNTIL AFTER HE WAS TERMINATED BY THE DEFENDANTS IS IS WITHOUT MERIT. THE DEFENDANTS RETALIATED AGAINST THE PLAINTIFF BY TERMINATING HIS EMPLOYMENT AFTER HE HAD MADE AN INTERNAL REPORT OF AN IMPORTANT SECURITIES VIOLATION TO HIS SUPERVISOR. PLAINTIFF IS CLEARLY AN INTENDED BENEFICIARY OF THE PROTECTION AGAINST RETALIATION THAT DODD-FRANK AFFORDS TO WHISTLEBLOWERS......................................................... | 17 |
| POINT FOUR: | AS AN ACADEMIC POINT, THE FIFTH CIRCUIT'S RESTRICTIVE INTERPRETATION OF THE TERM "WHISTLEBLOWER" IN SECTION 78u-6(h)((I)(A)(iii) SHOULD NOT BE ADOPTED BY THIS COURT. HOWEVER, IT DOES NOT MATTER IN THE INSTANT CASE BECAUSE PLAINTIFF IS WITHIN THE FIFTH CIRCUIT'S INTERPRETATION, ANYWAY................................................................ | 19 |
| POINT FIVE: | DEFENDANTS' ALTERNATIVE REQUEST TO COMPEL ARBITRATION OF THE DODD-FRANK CLAIM SHOULD BE DENIED. SECTION 1514A(e)(2) OF THE DODD-FRANK ACT, WHICH AMENDED SOX, SPECIFICALLY PROHIBITS THE ENFORCEMENT OF PRE-DISPUTE ARBITRATION AGREEMENTS. THE RETALIATORY CONDUCT UNDERTAKEN AGAINST THE PLAINTIFF OCCURRED MORE THAN TWO YEARS AFTER THE PASSAGE OF THE DODD-FRANK ACT. AS THE ACT ARTICULATES THE CURRENT, EXISTING LAW IN THIS AREA, AND PROHIBITS THE ENFORCEMENT OF PRE-DISPUTE ARBITRATION AGREEMENTS, RETROACTIVE EFFECT SHOULD BE GIVEN TO ITS PRE-DISPUTE ARBITRATION AGREEMENT BAN. ACCORDINGLY, THE PRE-DISPUTE ARBITRATION AGREEMENT THAT THE PARTIES SIGNED IN | |

2006 SHOULD NOT BE ENFORCED AS TO THE FACT PATTERN OF THIS ACTION.................................................................. 22

POINT SIX: THE RECENT AMENDMENTS TO FINRA RULE 13201, AND THE SECURITIES AND EXCHANGE COMMISSION'S REGULATORY NOTICE 12-21 WHICH APPROVES THE FINRA RULE CHANGE, PROVIDE FURTHER SUPPORT THAT A DISPUTE WHICH ARISES UNDER A WHISTLEBLOWER STATUTE THAT PROHIBITS THE USE OF PRE-DISPUTE ARBITRATION AGREEMENTS IS NOT REQUIRED TO BE ARBITRATED UNDER THE CODE. PLAINTIFF'S DISPUTE WITH THE DEFENDANTS ARISES UNDER A WHISTLEBLOWER STATUTE. ACCORDINGLY, THE ARBITRATION AGREEMENT CANNOT BE ENFORCED ABSENT THE PLAINTIFF'S SPECIFIC APPROVAL................................ 25

CONCLUSION: ........................................................................................... 28

**TABLE OF AUTHORITIES**

**Cases** **Page**

Asadi v. G.E. Energy (USA), L.L.C., 720 F.3d 620 (Fifth Cir. 2013)....3,4, 14, 18, 19, 20, 21, 22

Ashcroft v. Iqbal, 556 U.S. 662 (2009)....................................................................................14

Baraka v. McGreevey, 481 F.3d 185 (Third Cir. 2007)..............................................................13

Chevron U.S.A. Inc. v. National Defense Resource Council, 467 U.S. 837 (1984)................3, 27

Egan v. Tradingscreen, Inc., 2011 WL 1672066 (S.D.N.Y. 2011)...................................8, 20, 21

Ellington v.Giacoumakis, 2013 WL 5631046 (D. Mass. 2013......................2, 4, 8, 14, 18, 20, 21

Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)..................................................................25

Genberg v. Porter, 2013 WL 1222056 (D. Colo. 2013)...................................................8, 20, 21

Henderson v. Masco Framing Corporation, 2011 WL 3022535 (D. Nev 2011)..........................24

Kessler Institute for Rehabilitation, Inc. v. Mayor and Council of the Borough of Essex Fells, 876 F.Supp. 622 (D.N.J. 1995)............................................................................................13

Kramer v. Trnas-Lux Corp., 2012 WL 4444820 (D. Ct. 2012).........................................8, 20, 21

Murray v. UBS Secs., LLC, 2013 WL 2190084 (S.D.N.Y. 2013)....................................8, 20, 21

Nollner v. S. Baptist Convention, Inc., 852 F.Supp.2d 986 (M.D. Tenn. 2012)................8, 20, 21

Pezza v. Ivestors Capital Corporation, 767 F.Supp. 225 (D. Mass. 2001)..............................12,24

Pygatt v. Painters' Local No. 277, International Brotherhood of Painters & Allied Trades, 763 F. Supp. 1301 (D.N.J. 1991)...................................................................................14

Republic National Bank of Miami v. United States, 506 U.S. 80 (1992)....................................25

Shane v. Fauver, 213 F.3 113 (Third Cir. 2000)........................................................................13

Taylor v. Fannie Mae, *et al*., 839 F.Supp. 259 (D.D.C. 2012).....................................................24

Wagner v. Bank of America Corp., 2013 WL 3786642 (D. of Colo. 2013).................................4

Wong v. CKX, Inc., 890 F.Supp.2d 411 (S.D.N.Y. 2012)....................................................24, 25

**Statutes**

15 U.S.C. §78u-6.........................................................................2, 8, 10, 16, 19, 20, 21, 26

15 U.S.C. §7201, *et seq*...............................................................................................7

18 U.S.C. §1514A..........................................................8, 9, 10, 12, 15, 16, 22, 23, 24, 25

Fed. R. Civ. P. 12(b)(6)...........................................................................................2, 13

**Rules and Regulations**

FINRA Rule 13201.......................................................4, 6, 10, 11, 12, 13, 24, 26, 27, 28

SEC Regulatory Notice 12-21...................................................4, 6, 10, 12, 13, 24, 26, 27, 28

SEC Rule 21-F (17 CFR §240.21F, *et seq)*..................................................6, 11, 17, 20